UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMIL RAHEM JEWELL

                Plaintiff,

  v.

OFFICER CHRISTERSON, *et al*.,

                Defendants.

Case No. C16-1634-RSM-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Jamil Jewell alleges in his amended complaint that while confined in the King County Jail in June 2016, King County Corrections Officer Christerson used force while handcuffing plaintiff, causing injuries to plaintiff's right hand and to both wrists. (Dkt. 6 at 4.) Plaintiff further alleges that he was denied treatment for his injuries by King County doctors Omer and Tina, and by King County Corrections Officer Green. (*Id*. at 3-4.) Finally, plaintiff appears to allege that King County Corrections Officers Lucis and Williams engaged in improper conduct during the booking process. (*Id*.) Plaintiff seeks monetary damages. (*Id*. at 5.)

/ / /

REPORT AND RECOMMENDATION - 1

Defendants now move for summary judgment. Plaintiff has been advised of the summary judgment requirements pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), but has filed no response to defendants' motion. (*See* Dkt. 24.) The Court, having reviewed defendants' motion, and the balance of the record, concludes that defendants' motion for summary judgment should be granted and that plaintiff's amended complaint, and this action, should be dismissed with prejudice.

## DISCUSSION

Defendants argue in their motion for summary judgment that plaintiff's claims should be dismissed because plaintiff failed to exhaust his administrative remedies. (*See* Dkt. 22 at 4-6.) Defendants further argue that even if they have failed to demonstrate plaintiff's lack of exhaustion, plaintiff's claims do not rise to the level of constitutional violations. (*See id*. at 6-16.)

### Summary Judgment Standard

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine dispute as to any material fact" such that "the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material facts are facts which might affect the outcome of the pending action under governing law. *See Anderson*, 477 U.S. at 248. Genuine disputes are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e). A mere scintilla of

REPORT AND RECOMMENDATION - 2

evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252.

Exhaustion

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 735 (2001). Section 1997e(a) also requires *proper* exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process. *See id*. at 93-95. If administrative remedies have not been exhausted at the time an action is brought, the action must be dismissed without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam).

Failure to exhaust administrative remedies is an affirmative defense which a defendant must plead and prove. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). A defendant must produce evidence demonstrating that there was an available administrative remedy and that the prisoner did not exhaust that remedy. *Id*. at 1172. The burden then shifts to the prisoner who must show that "there is something in his particular case that made the existing and generally available remedies effectively unavailable to him. *Id*. If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment. *Id*. at 1166.

The evidence in the record demonstrates that the King County Department of Adult and Juvenile Detention (DAJD) has a grievance procedure through which inmates may seek review of complaints, problems, or issues arising out of their confinement at DAJD facilities. (*See* Dkt. 27

REPORT AND RECOMMENDATION - 3

at 2, ¶ 3.) The grievance procedure is outlined in the Inmate Handbook, and Inmate Grievance Report forms are available to inmates in their housing units. (*See* Dkt. 27 at 2, ¶ 3.) The forms provide instructions on how to file a grievance, and completed forms may be returned to a locked box in each housing unit. (*Id*.) Inmates are instructed to file a grievance within 14 days of the event giving rise to the grievance report. (*Id*.) Typically, grievances are reviewed and responded to within 10 days. (*Id*.) An inmate is permitted to appeal a grievance response within five days if the inmate has new information or believes that the original reviewer committed an error. (Dkt. 27 at 2.) Instructions for appealing a grievance are included on the form. (*Id*.)

Plaintiff concedes in his amended complaint that he did not file a grievance concerning the issues raised in this action, and defendants' records confirm this fact. (*See* Dkt. 6 at 2; Dkt. 27 at 2-3, ¶ 6.) Plaintiff states in his amended complaint, by way of explanation for not having filed a grievance, that "At the time of everything that was goin [sic] on they kept me away from all of that kind of things. I asked over and over again."

The Ninth Circuit has recognized that acts by prison officials that prevent the exhaustion of administrative remedies may make administrative remedies effectively unavailable to a prisoner. *See Nunez v. Duncan*, 591 F.3d 1217, 1224-25 (9th Cir. 2010). Similarly, in *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016), the United States Supreme Court held that § 1997e(a) requires an inmate to exhaust only those grievance procedures "that are capable of use to obtain some relief for the action complained of." *Id*. (citation and internal quotation marks omitted). The Supreme Court went on to note three circumstances in which an administrative remedy, although officially available, is not capable of use to obtain relief: (1) when the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when the administrative scheme is "so opaque that it becomes practically

REPORT AND RECOMMENDATION - 4

speaking, incapable of use" because "no ordinary prisoner can discern or navigate it"; and (3) when prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 136 S. Ct. at 1859-60.

While plaintiff suggests in his amended complaint that prison officials rendered grievance procedures unavailable to him, he has submitted no evidence to rebut that presented by defendants which demonstrates that there is a mechanism in each housing unit for inmates to obtain and submit grievance forms for review by prison officials. As plaintiff offers no evidence demonstrating that administrative remedies were unavailable to him with respect to the claims asserted in his amended complaint, plaintiff's amended complaint and this action must be dismissed under 42 U.S.C. § 1997e(a).[1]

## CONCLUSION

Based on the foregoing, this Court recommends that defendants' motion for summary judgment be granted and that plaintiff's amended complaint, and this action, be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within

/ / /

/ / /

---

[1] Given that plaintiff failed to properly exhaust his administrative remedies before filing the instant action, this Court does not reach defendants' arguments concerning the merits of plaintiff's claims.

REPORT AND RECOMMENDATION - 5

**fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 11, 2017** .

DATED this 14th day of July, 2017.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6